1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JULIO CHUMACERA,

Defendant.

Case No.:  13-CR-229-GPC

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

[ECF Nos. 37, 41]

## I. INTRODUCTION

On September 16, 2013, Julio Chumacera ("Defendant") was sentenced to a custodial term of 60 months for a conviction of conspiracy involving the importation of methamphetamine under 18 USC § 371.  (ECF No. 35.)  Defendant originally received a sentence below the guideline range because the sentence was limited by the statutory maximum under § 5G1.1(a).  In 2014, the United States Sentencing Commission promulgated Amendment 782 ("Drugs Minus 2"), which, effective November 1, 2014, lowered the base offense levels for most drug quantities in USSG § 2D1.1(c), and made this change retroactive via Amendment 788.  *See also* USSG § 1B1.10(c).

On January 12, 2015, Defendant, proceeding pro se, filed a Motion for Reduction of

13-CR-229-GPC

1   Sentence under 18 U.S.C. § 3582(c).  (ECF No. 37.)  On January 12, 2015, the Court

2   provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to represent

3   Defendant.  (ECF No. 38.)  On October 19, 2015, Defendant filed an updated Motion to

4   Reduce Sentence. (ECF No. 41.) The government did not file an opposition.

5        Finding that Defendant's current sentence is below the low-end of the amended

6   guideline range, the Court **DENIES** Defendant's Motion for Reduction of Sentence.

7                                **II. DISCUSSION**

8   **A. Modification of Sentence Under 18 U.S.C. § 3582(c)**

9        Generally, a federal court "may not modify a term of imprisonment once it has been

10  imposed."  18 U.S.C. § 3582(c).  An exception to that rule lies "in the case of a defendant

11  who has been sentenced to a term of imprisonment based on a sentencing range that has

12  subsequently been lowered by the Sentencing Commission."  § 3582(c)(2).  When the

13  Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2)

14  authorizes a district court to reduce an otherwise final sentence that is based on the

15  amended provision.  Any reduction must be consistent with applicable policy statements

16  issued by the Sentencing Commission.  *Id.*

17       Amendment 782 to the United States Sentencing Guidelines, effective November 1,

18  2014, lowered the penalties for most drug offenses by reducing the offense level in the

19  § 2D1.1 Drug Quantity Table by two levels.  In Amendment 788, the Sentencing

20  Commission decreed that Amendment 782 may be applied retroactively to lower the

21  sentences of previously sentenced inmates.

22       In *Dillon v. United States*, 560 U.S. 817, 826-27 (2010), the Supreme Court set forth

23  a two-step inquiry for assessing a motion for reduction of sentence under § 3582(c).  *Id.*

24       At step one, § 3582(c)(2) requires the court to follow the Commission's
     instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence
25   modification and the extent of the reduction authorized. Specifically,
     § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended
26

27                                          2

28                                                              13-CR-229-GPC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

**B. Determination of Amended Guideline Range**

Under § 1B1.10, a defendant is eligible for a sentencing modification when an amendment listed in § 1B1.10(d) lowers "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 n.1(A). Section 1B1.10(b)(2) confines the extent of the reduction authorized. Once the Court determines the amended guideline range, it "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). The only exception to this prohibition applies if the defendant previously received a downward departure "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." In that case, the Court may apply "a reduction comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B).

As Amendment 782 is listed in § 1B1.10(d), the Court must determine the "amended guideline range" that would have been applicable to the defendant had Amendment 782 been in effect at the time of the sentence. USSG § 1B1.10(b)(1). Determination of the "amended guideline range" is the issue in this case. Defendant has calculated the "amended

3

13-CR-229-GPC

1    guideline range" without taking into account the statutory maximum that overrode the

2    guideline range.

3        The present case involved a conspiracy under 18 U.S.C. § 371.  Under the guidelines

4    in effect at the time of sentencing, the base offense level was level 38.  The Court reduced

5    the guidelines by 4 levels based on mitigating role (§ 2D1.1(a)(15)); 2 levels for minor role

6    (§ 3B1.2(b)); and 3 levels for acceptance of responsibility (§ 3E1.1(b)).  The Court found

7    that the adjusted offense level was 29, the Criminal History Category was III, and the

8    applicable guideline range was 108-135 months. However, the Court further found that this

9    guideline range was limited by the statutory maximum under § 5G1.1(a).

10       Applying the amended base offense level provided by Amendment 782, the base

11   offense level is 36.  Leaving all other guideline application decisions unaffected and

12   removing departures and variances results in a reduction of 8 levels: 3 levels based on

13   mitigating role (§ 2D1.1(a)(15)); 2 levels for minor role (§ 3B1.2(b)); and 3 levels for

14   acceptance of responsibility (§ 3E1.1(b)). The adjusted offense level is 28, the Criminal

15   History Category is III and the applicable guideline range is 97-121 months. In the instant

16   case, Defendant received a below-guideline sentence based on the statutory maximum for

17   a single count of conviction, not substantial assistance to the government.  To obtain relief

18   under § 3582(c), the guideline amendments at issue must "lower[]" a defendant's

19   applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in [a] defendant's

20   term of imprisonment is not consistent with this policy statement and therefore is not

21   authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of

22   lowering the defendant's applicable guideline range").  Here, they do not.  Defendant's

23   amended guideline range is 97 to 121 months and Defendant received a below-guideline

24   sentence of 60 months.  Since the lower limits of the amended guideline range is higher

25   than the original sentence, Defendant is ineligible for modification of their sentence.

26       Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction under

27                                          4

28                                                              13-CR-229-GPC

1   18 U.S.C. § 3582(c)(2).

2   **III. CONCLUSION AND ORDER**

3       Based on the reasons stated above, Defendant's Motion for Reduction of Sentence

4   (ECF Nos. 37, 41) is **DENIED**.

5       **IT IS SO ORDERED.**

6   Dated:  October 30, 2015

7                                                Hon. Gonzalo P. Curiel

8                                                United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13-CR-229-GPC